Filed 2/16/22  P. v. Robles CA2/3
Opinion on remand from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARMANDO ROBLES, JR.,<br><br>    Defendant and Appellant. | B308432<br><br>Los Angeles County<br>Super. Ct. No. BA390804 |

APPEAL from an order of the Superior Court of Los Angeles County, James R. Dabney. Reversed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Armando Robles, Jr. (Robles) was convicted of two counts of attempted murder and one count of shooting at an occupied vehicle. After Senate Bill No. 1437 (S.B. 1437) was enacted (Stats. 2018, ch. 1015), Robles filed a petition for resentencing of his attempted murder convictions under Penal Code[1] section 1170.95. We affirmed the trial court's order denying Robles's petition because, at the time, attempted murder wasn't listed as an offense eligible for resentencing under section 1170.95. (*People v. Robles* (June 29, 2021, B308432) [nonpub. opn.].) After we issued our original opinion, the California Legislature enacted Senate Bill No. 775 (2021–2022 Reg. Sess.) (S.B. 775), making attempted murder an offense eligible for resentencing under section 1170.95. The California Supreme Court granted Robles's petition for review and ordered us to reconsider his appeal in light of S.B. 775. We now reverse the order denying Robles's resentencing petition and remand the matter with directions for the court to appoint counsel to represent Robles and to reconsider his petition under the newly amended section 1170.95.

## BACKGROUND

A jury convicted Robles and a codefendant of two counts each of willful, deliberate, and premeditated attempted murder (§§ 664, 187, subd. (a)) and one count each of shooting at an occupied vehicle (§ 246). The jury also found true that Robles and the codefendant committed the crimes for the benefit of a street gang and, as to Robles, that a principal personally used a firearm. The court sentenced Robles to a total term of 63 years to life in prison.

---

[1] All undesignated statutory references are to the Penal Code.

In June 2020, Robles filed a petition for resentencing under section 1170.95. Among other things, Robles alleged that he was convicted of first or second degree murder under the felony murder rule or the natural and probable consequences doctrine and that he couldn't now be convicted of first or second degree murder due to recent changes to sections 188 and 189 following the enactment of S.B. 1437. Robles did not state in his petition that he was convicted of attempted murder. Robles asked the court to appoint counsel to represent him.

The court denied the petition without appointing counsel to represent Robles or requesting briefing from Robles or the People. The court found Robles was ineligible for relief because he was convicted of attempted murder, which at the time wasn't listed as an offense eligible for resentencing under section 1170.95.

Robles appealed.

## DISCUSSION

S.B. 1437, which took effect on January 1, 2019, changed the law of murder to ensure a "person's culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).) The legislation limited accomplice liability for murder. Under prior California law, every accomplice to an enumerated felony could be convicted of first degree murder if a death occurred during the commission of that felony—regardless of whether the accused killed or intended to kill. (See *People v. Dillon* (1983) 34 Cal.3d 441, 462–472.) Similarly, "a defendant who aided and abetted a crime, the natural and probable consequence of which was murder, could be convicted not only of the target crime but also of the resulting murder"—regardless of whether he acted with malice aforethought. (*In re R.G.* (2019) 35 Cal.App.5th 141, 144.)

3

Now, however, a person may be convicted of murder only if: (1) he was the actual killer; or (2) with the intent to kill, he aided and abetted the actual killer's commission of murder; or (3) he acted as a "major participant" in a felony listed in section 189 and acted with "reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3; § 188, subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2.)

S.B. 1437 also abolished second degree felony murder. (Stats. 2018, ch. 1015, § 2, amending § 188, subd. (e)(3).) Thus, the felony murder doctrine now applies only to those felonies listed in section 189, subdivision (a), and to accomplices who meet the requirements in section 189, subdivision (e).

In addition to changing the law of murder prospectively, S.B. 1437 gave people who had been convicted of murder under one of the now-invalid theories the opportunity to petition for resentencing under section 1170.95. (Stats. 2018, ch. 1015, § 4.) Effective January 1, 2022, S.B. 775 amended section 1170.95 to provide, among other things, that a person convicted of attempted murder under a natural and probable consequences theory may also be eligible for resentencing relief. (§ 1170.95, subd. (a).)

The People did not file a supplemental brief after the California Supreme Court transferred the cause back to us for reconsideration in light of S.B. 775. In his supplemental brief, Robles asks us to reverse the order and direct the trial court to appoint counsel and reconsider the petition under S.B. 775.

In light of the trial court's summary denial of Robles's petition on the grounds Robles was not convicted of murder, remand is appropriate to allow the court the opportunity to conduct further proceedings under section 1170.95, subdivision (c), and if necessary, under subdivision (d). On remand, Robles, with the assistance of appointed counsel (*People v. Lewis* (2021)

11 Cal.5th 952, 970), and the People shall be entitled to file their respective briefs. "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1170.95, subd. (c).) In the event the court issues an order to show cause, the court shall conduct further proceedings in accordance with section 1170.95, subdivision (d), as amended.

## DISPOSITION

The order denying Robles's section 1170.95 petition is reversed, and the matter is remanded to the trial court with directions to appoint counsel to represent Robles and to conduct proceedings consistent with this opinion.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

LAVIN, Acting P. J.

WE CONCUR:

EGERTON, J.

LIPNER, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6